1763.

DERUMPLE
*v.*
CLARK.

Rec. 1763.
Fol. 19.

Evidence
of Payment of
full Rent by
a Tenant for
five or fix
Years, with-
out any Claim
of Deduction
for Taxes,
fuch being
alfo the
Cuftom of
the Town, is
fufficient Evi-
dence of a
Contract to
pay Taxes
under the
Province
Law, which
provides that
"where no
Contract is"
the Landlord
fhall reim-
burfe half the
Taxes. *Ruf-
fell, J., diffen-
tiente.*

## Derumple *verf.* Clark.

THIS Action was brought by the Tenant againft the Landlord for the Recovery of half the Taxes, upon the Province Law called the Tax Act. (1) This Cafe was faid to differ from the Cafe of *Jackfon* v. *Foye*, (2) try'd before this Court in Auguft Term laft, as in that Cafe Jackfon had been Tenant to Foye fo many Years, there had been many Settlements,—whereas here Derumple had been Tenant only five or fix Years. The Rent had been paid, but there had been no regular methodical Settlement.

Mr. *Auchmuty*, *for Plaintiff*, urged, that the Law was very exprefs and particular— " Where no Con- " tract is, the Landlord fhall reimburfe the Tenant " half the Taxes," fo that the Payment of the whole Rent is no Argument of a Contract to pay half the Taxes, for the Tenant by the Law is not to keep back his Rent, but to have the Taxes reimburfed, which is an Argument that the Whole is firft to be paid. I can have no Idea of an implied Contract in this Cafe; the Law evidently points out an ex- prefs one.

Mr. *Thacker*, *for Defendant*. It has been the un- interrupted Cuftom of this Town for the Tenant to pay the whole Taxes, and though this Law is of

very

---

(1) See *ante*, p. 27, note (1).        (2) *Ante*, p. 26.

very antient Date, (3) we find no Action on it till 1752; so that it always supposed that such a Contract is made. The Words of the Law are not — where no express, — no written, — no verbal, — but " where *no Contract* is." And I think the continual paying Rent for several Years without any Demand of a Deduction, and several Receipts having been given by the Plaintiff to the Defendant in full of all Accounts, are full Evidence that such was the Intention and Meaning of the Parties, which is a sufficient Contract. To have this Point called in Question would be big with the greatest Inconveniences. If Landlords who from Year to Year have received their whole Rents, and given Discharges for them, are to be called to account for many Years' Taxes, it would be productive of an ample Harvest of Suits, of which perhaps our Brotherhood might reap the Gleanings.

*Mr. Auchmuty.* As to the Custom of the Town; if there had been no Law, that might have been an Argument of some Weight; but the Law is express, and shall any pretended Custom controul it? As for the Consequences they must not be considered — if it is Law, it is Law, &c.

*Justice*

---

(3) The earliest statute provision that we find on this subject is in the Prov. St. of 4 W. & M. in 1692. By this act however, as by the Gen. Sts. of 1860, c. 11, § 9, the landlord was to pay the whole taxes in the absence of any particular agreement. The first provision for a contribution was in the Prov. St. of 6 W. & M. in 1694, and is as follows: " The fermer or occupier of any houses or lands, being assessed for the same in his occupation, to be reimbursed the one half of what he shall so pay toward the said assessment by the landlord or lessor where there is no particular contract to the contrary, and shall be allowed to discount the same out of his rent." The last clause was omitted in subsequent acts. *Ante*, p. 27, note (1).

*Juftice Oliver.* As for the Cuftom of the Town, I can't think it of any Weight; but as the Law fays " where no Contract is," you muft confine it to an exprefs Contract. I fee no effential difference between this and the Cafe of *Foye & Jackfon*, and can't but think the Evidence you have is a Prefumption of a Contract fo ftrong that you muft find for the Defendant.

*Juftice Ruffell.* I think the Law evidently means an exprefs Agreement. However, I don't think we have here any Evidence of an implied Agreement, or any Agreement at all.

*Juftice Cufhing.* If there be Anything to fhow the Intention of the Parties, I hold that Evidence of a fufficient Agreement within the Senfe of the Law; and that the Intention of thefe Parties was that the Tenant fhould pay the Whole, may be collected from the Evidence joined to the Cuftom of the Town.

*Juftice Lynde.* I always thought that the Intention of this Law was not to affect the Taxes in fuch Towns as this, but merely where Farms are let to the Halves, where the Benefit of the Eftate being divided, 'tis but juft the Charges fhould be divided too. I think the Cuftom of the Town is a great Thing, and that the Parties are to be fuppofed to intend according to the Cuftom. I think the Evidence fufficient to prove a Contract within the Intendment of the Law.

*Ch. Juft.* You are to go according to Law and Evidence.

Evidence. Where the Law is in any Cafe doubt-full and the Equity of it plain, you fhould verge towards Equity. Cuftom fhall not be placed in Oppofition to Law, but it may be a Circumftance going to interpret the Intention of the Parties. I fee Nothing to diftinguifh this from the Cafe of *Jackfon* v. *Foye*.

*Verdict for Defendant.*